PETER M. McLAREN, Appellant, *v.* MARTIN McMAR-
TIN, Administrator of DANIEL McMARTIN, Jr., de-
ceased, Respondent.

*Statute of Limitations—Administrator's power—Code,* § 110.

A payment upon a note of the intestate barred by the statute of limitations during his lifetime, by his administrator, does not take the same from under the statute.

The administrator has no authority to bind the estate by any such implied or express promise.

Appeal from the Supreme Court. The action was on a promissory note for $100, made by the Plaintiff's assignor on the 19th of April, 1835, and payable one year from date. The suit was commenced on the 23d of September, 1854, eighteen years after the note matured, and seven years after the death of the maker, and the appointment of the Defendant as his administrator.

The complaint alleged, and the answer denied, two payments at different times by the intestate. It was alleged by the Plaintiff, and admitted by the Defendant, that on the 3d of March, 1848, the latter paid fifty dollars on the note. The defence was that the claim was barred by the statute of limitations.

On the trial at the Fulton Circuit, in September, 1855, it was proved that the note was owned by the payee in 1848 and 1849 ; and that he afterward transferred it to the Plaintiff. The note, as produced on the trial, and as presented to the administrator in 1849, bore the following endorsements : "May 18th, 1836, received $7." "Received one year's interest." "March 25th, 1847, received fifty-five dollars on this note." Each of these was in the handwriting of the payee, and it was not proved by him, or by any other witness, that any such payments were in fact made by the intestate.

The note bore also the following endorsement, which was in the handwriting of the Defendant : "March 3d, 1848, received fifty dollars on the within by the hands of Martin McMartin." It was not signed by the administrator.

The son of the Plaintiff, who on a previous trial had testified that this payment was made on the 3d of March, 1848, on the last trial testified that he was enabled, by circumstances which he had since recalled, to state that the payment and endorsement were made on the 3d of March, 1849. This evidence was received, under the objection of the Plaintiff that it was admitted by the pleadings that they were made on the 3d of March, 1848. The witness also testified that the Defendant promised verbally to pay the note.

The Court, upon these facts, directed a verdict for the Plaintiff, for $114.18, subject to the opinion of the Court at General Term. The Plaintiff moved for judgment on a case and exceptions, and the General Term in the Fourth District ordered judgment for the Defendant.

*A. McFarlan* for Appellant.
*M. McMartin* for Respondent.

PORTER J.—The demand, for the recovery of which the action was brought, was extinguished on the 12th of April, 1842. It was neither continued nor revived by any act or admission of the maker. The endorsements written by the payee were mere declarations in his own favor, wholly unsustained by the proof. The fact that they were shown to the Defendant after the death of the maker, does not change their nature, nor impart to them the force of legal evidence. The underwritten endorsement proves the fact it states, but nothing as to antecedent payments or endorsements.

If, then, the extinguished demand was ever revived, it was by the act of the administrator, two years after the death of the maker, and seven years after the claim was barred. The statute of limitations having attached before the enactment of the Code, the contract could not be reinstated by any subsequent acknowledgment or promise, unless "contained in some writing signed by the party to be charged thereby" (Code, § 110, Esselstyn v. Weeks, 2 Kernan, 635).

The endorsement relied on by the Appellant is in these words : "March 3d, 1848, received fifty dollars on the within, by the

hands of Martin McMartin." It does not constitute a new contract, either in form or in legal effect. It is precisely what it purports to be, a statement in his handwriting of the fact—the date and amount of payment, and the person from whom it was received. It proves this, and nothing more. It is not signed by the administrator ; it contains no undertaking in behalf of the estate, and it neither affirms nor denies the existence of facts of which he had no personal knowledge. The endorsement shows precisely what the pleadings admit, that this payment was made by the Defendant ; and the debt was not thereby revived, unless such payment was sufficient to revive it. The proof corrects the error in the date, and shows that the endorsement was in fact made a year after it purports to have been written.

The Code provides that the section above referred to shall not alter the effect of any payment of principal or interest (Code, § 110). The Appellant erroneously assumes that, under the antecedent rules of law, the effect of a partial payment by an administrator was to revive a demand extinguished in the lifetime of the intestate. Payment by the debtor personally, or by his direction and authority, is evidence now, as heretofore, from which an acknowledgment of the residue of the debt may be implied. It does not, however, even in that case, constitute an express promise, nor amount *per se* to a renewal ; but it is evidence from which an intention to renew the original promise may be inferred (Shoemaker *v.* Benedict, 1 Kernan, 185). So, in the case of a demand existing at the death of the intestate, and which the administrator is bound to pay, it would be legitimate to infer from a subsequent partial payment, an acknowledgment of his continuing the obligation.

But in respect to demands barred at the death of the intestate, the administrator is under no such obligation. The immunity of the estate is absolute. His position is purely fiduciary. It is his right and his duty to apply the bonds in his hands to the satisfaction of all legal demands ; but he has no retrospective authority to contract debts in the name of the intestate, or to revive those which were extinguished by law in his lifetime. There is a moral

obligation on the debtor to pay demands which he knows have never been satisfied; but there is none on his executor or administrator to pay claims which the statute has barred.    He is not at liberty to misapply assets which the law awards to the creditors and next of kin.

It has been questioned by eminent jurists, in this country as well as in England, whether a demand barred by the statute can be revived, even by an expressed promise of the personal representative, unless with the consent of those interested in the estate; and it is well settled that without an express promise, there can be no revival by an executor or administrator of a debt extinguished in the lifetime of the decedent.   This is the only mode in which he can give the status of a legal creditor in the courts to the holder of an outlawed demand against the estate; if, indeed, it can be given in that mode, within the principles settled by the more recent decisions.   There was such express promise in this case, and the Defendant was therefore entitled to judgment (Tullock *v.* Dunn, R. & M. 416; Thompson *v.* Peter, 12 Wheaton, 565; Bloodgood *v.* Bruen, 4 Selden, 362, 369). In the case last cited, Judge Gardiner, in delivering the opinion of the court, said : "But if we assume with the court below, that Bruen, as executor of the estate of T. H. Smith, admitted this demand, an admission in that character cannot, it seems to me, in the nature of the case, amount to a contract which will bind the estate of the testator.   It is no part of the duty of an executor to subject the estate of his testator to a demand from which it was by law exempt.   If he can do it in any manner, it must at all events be by a positive contract.   It has accordingly been held, even in England, that there must be an express promise, and that all the executors must unite in it."

The doctrine which at one time prevailed, that an outlawed demand might be revived by a partial payment, not made by the immediate debtor but by a joint contractor, an assignee or a trustee, is no longer recognized in our courts (Roosevelt *v.* Mark, 6 John. Ch. 267, 292 ; Pickett *v.* King, 34 Barbour, 193 ; Bloodgood *v.* Bruen, 4 Selden, 362 ; Shoemaker *v.* Benedict, 1 Kernan,

176, 185 ; Winchell *v.* Hicks, 18 New York, 558 ; Pickett *v.* Leonard, 34 ib. 175).

It follows from these views that the endorsement in the hand-writing of the Defendant should be treated as the mere statement of the fact of payment, by one who had no authority in this form to bind the estate ; and that, even if it had been authenticated by his signature in his representative capacity, it would have proved nothing but the making of such payment, and would have amounted neither to a renewal of the note, nor an express promise to pay the residue of a claim which did not constitute a legal debt of the intestate.

The judgment of the Supreme Court should be affirmed.

All the judges concurred in the foregoing opinion except Grover, J., who read an opinion for reversal, in which Hunt, J., concurred. Judgment affirmed.