CATTARAUGUS COUNTY.—HON. ALFRED SPRING, SURROGATE.—July, 1883.

COTTER V. QUINLAN.

*In the matter of the estate of* PATRICK QUINLAN, *deceased.*

After a debtor's death, his executor or administrator is the "party" contemplated by Code Civ. Pro., § 395, which provides that "an acknowledgement or promise contained in a writing, signed by the *party to be charged* thereby, is the only competent evidence of a new or continuing contract, whereby to take a case out of" the statute of limitations.

An administrator is not unqualifiedly and solely a trustee for the benefit of his decedent's creditors, but represents also the next of kin, who can insist upon his interposing every legal defence to any alleged claim against the estate.

Where a debtor dies after a cause of action accrues against him, the creditor must, ordinarily, within seven years and six months after the date when the same so accrues, commence thereon an action, or a special proceeding in a Surrogate's court, or procure part payment or a written acknowledgement from the executor or administrator; else he will lose his remedy.

Willcox v. Smith, 26 *Barb.*, 316; Heath v. Grenell, 61 *id.*, 190—explained; Peck v. Randall, 1 *Johns.*, 164—distinguished.

*It seems,* that the section of the Code of Civil Procedure (403), which suspends the running of the statute of limitations, as against the creditors of a decedent, for eighteen months after his death does not preclude the creditor from suing during that period.

Decedent, at the time of his death, July 1st, 1874, was indebted to petitioner in a sum certain, for goods sold and delivered. Administrators of his estate were appointed July 10th of that year. In February, 1878, while the claim was still valid, and subsisting against the estate, petitioner presented an itemized statement thereof to one of the administrators, by whom it was orally allowed, and the statement retained. No written acknowledgement of the claim was ever made, nor any sum paid on account thereof. More than eight years after decedent's death, petitioner instituted proceedings in the Surrogate's court against the surviving administratrix to compel payment of his claim.—

*Held,* barred by the statute of limitations.

APPLICATION by James Cotter, an alleged creditor of decedent, to compel Bridget Quinlan, sole surviving administratrix of the estate of decedent, to account and pay his claim. The facts appear sufficiently in the opinion.

A. WARD, *for petitioner.*

J. H. WARING, *for administratrix.*

THE SURROGATE.—This is a proceeding founded on a petition and affidavit of James Cotter, an alleged creditor of Patrick Quinlan, deceased, to compel Bridget Quinlan, the surviving administratrix of his estate, to settle judicially her account as such administratrix, and pay the alleged claim. The answer puts in issue the validity of this alleged claim by an averment that the same is barred by the statute of limitations.

The facts are entirely uncontroverted and are as follows: Patrick Quinlan died, intestate, July 1st, 1874, being, at the time of his death, indebted to the peti-

tioner in the sum of twenty-four dollars and sixty-nine cents, for goods sold and delivered. On July 10th, 1874, the said Bridget Quinlan and one Parker Smith were duly appointed administrators of the goods, etc., of said Quinlan, deceased. Smith took the main charge of the settlement and management of the estate. On February 18th, 1878, and while said claim was a valid and subsisting one against the estate, petitioner prepared an itemized statement of his account, and presented it to the administrator, Smith, by whom it was allowed and retained. No written acknowledgement of the debt was ever made, nor was any sum paid thereon.

More than eight years intervened between the death of testator and the commencement of this proceeding. The administrator, Smith, died in September, 1878.

The simple question presented is whether the · claim of petitioner was barred by the statute of limitations at the time of the commencement of this proceeding, or, in other words, whether the presentment of the account, and its allowance and retention by the administrator, Smith, suspended the operation of the statute.

Section 395 of the Code of Civil Procedure, which is simply a re-enactment of § 110 of the former Code, provides that " an acknowledgement or promise, contained in a writing, signed by the party to be charged thereby, is the only competent evidence of a new or continuing contract, whereby to take a case out of the operation of " this statute.

If the claim, duly itemized, had been presented to the intestate in his lifetime, the retention of the account by him, and his verbal agreement to pay the same would be of no effect, in the light of the statute

I have cited. The statute is inflexible as to the necessity of a written admission of the debt in unequivocal terms (Bloodgood v. Bruen, *8 N. Y., 362;* Hulbert v. Nichol, *20 Hun, 454*).

Section 403 of the Code of Civil Procedure grants an extension of eighteen months to the owner of a subsisting claim against a decedent. Aside from the fact that an administrator can thus hold creditors in abeyance for that time, I do not find that the administrator is placed in any different attitude toward the creditors than the intestate would be, if alive. The statute provides for the advertisement for claims, for their presentment, etc., but in no way suspends the creditor's right to enforce his debt. If the demand is liable to be outlawed within the eighteen months, or if for any reason the creditor desires to get his demand into a judgment, he can sue the administrator; the eighteen months' breathing spell does not preclude him from doing this.

That the statute of limitations is applicable to an executor or administrator, and that a person acting in that fiduciary capacity can invoke the aid of this statute, or by his conduct suspend its operation, has been held frequently (see Clark v. Van Amburgh, *14 Hun, 557;* Morrow v. Morrow, *12 Hun, 386;* Ross v. Ross, *6 Hun, 80*).

The cases just cited are where the debt had been revived or continued by an administrator so as to prevent the operation of the statute, thus showing that an administrator, as the legally constituted representative of the intestate, is "the party to be charged thereby."

The statute does not imperatively require a claim

against an intestate to be presented to the administrator. Without such presentation, a claimant can, after the notice to creditors has been duly published for six months, as required by law, still prosecute his claim against the administrator, and the judgment, when recovered, is good against the assets then in his custody (Erwin v. Loper, *43 N. Y., 521;* Baggott v. Boulger, *2 Duer, 160;* 2 Story's Eq. Juris., §§ *1250, 1251*).

Suppose a claimant has a valid subsisting debt against decedent at the time of his death ? He neglects to present such claim until the seven and one half years' limitation has run against it, and then commences his suit. Assuredly, the administrator is legally bound to interpose his defence of the statute of limitations, and it would be a perfect defence and bar to claimant's recovery, although the administrator might have abundant unappropriated assets to pay the claim.

If the administrator is, unqualifiedly, a trustee for the benefit of creditors, as urged by petitioner's counsel, he certainly could not avail himself of this defence to defeat a claim confessedly valid at the time he assumed his administratorship. If solely a trustee for the benefit of creditors, debts whether presented or not, as long as their validity is not affected by a failure to present them, would never become stale, or barred by the statute.

The administrator has exclusive charge of the intestate's property, and is his legal representative. In so far as the payment of the debts of the intestate is concerned, he administers the property for the benefit of creditors ; but there are other functions inseparably connected with his administration of the estate, not one

whit less responsible, or important, than the payment of debts. He must account to the next of kin, and they have a right to insist upon the interposition of every legal defence to any alleged claim, at any time during his management of the estate (Bloodgood v. Bruen, *supra;* Warren v. Paff, *4 Bradf., 260*).

There are two reported cases which are apparently in conflict with what I have stated. In Willcox v. Smith (*26 Barb., 316*), the court, at page 334, say that, after the "recognition and allowance of a valid claim, the administrators cannot dispute it within six years thereafter." The claim there in question was "recognized" by payments made thereon, so that it, of course, would not be barred, as § 395 of the Code of Civil Procedure explicitly provides that payments of principal or interest prevent the running of the statute.

In Heath v. Grenell (*61 Barb., 190*), the court, at page 204, say that "presentation and allowance of a claim are evidence of a new promise and the statute commences to run anew from that date." In that case, the claim presented was disputed, and the contest hinged upon the application of certain payments alleged to have been made upon the demand. There was no question as to the presentment and allowance of the claim, so that the above remark, made by the court, was mere *obiter dictum.*

If the administrator is, pure and simple, a trustee for the creditors, and a verbal admission of the claim is, *ipso facto,* an appropriation of so much of the trust property as will be necessary to liquidate the debt, or its proportional part thereof, then the statute would never run against it, because the trust funds are the

creditors', and the relation of debtor and creditor in no sense exists between them.

It is paradoxical to say, in one breath, that the creditor is the *cestui que trust* of the administrator, and, in the next, that the statute commences to run anew after the admission of the claim. If the administrator is purely and simply a trustee of the creditors, so that every acknowledgement of a claim, made by him, is equivalent to a judgment against him, and an equitable transfer of the trust property in payment thereof, then the statute will never run against the demand (Tiffany & Bullard, Law of Trusts, *715, et seq.*).

If, however, as I deem the law to be, the administrator is the legal and only custodian of the property, exercising all the rights of an absolute owner thereof, liable to an action at law at the instance of a creditor, and privileged to interpose any legal defence in any action against him, whether it be the statute of limitations or any other defence, then he is within the purview of the statute requiring a written acknowledgement to revive or continue the claim, "whereby to take a case out of the operation of this title." If he is not the proper "party to be charged thereby," then the various cases I have cited must be clearly erroneous, as they are predicated upon that assumption. If he is the "party to be charged thereby," then he stands in the shoes of the intestate, and the section of the Code, in its fullest extent, is applicable to him.

If he can prevent the operation of the statute by payment, as seems to be well established, then he can avail himself of a defence growing out of the failure of a

claimant to exact a written, instead of a verbal, acknowledgement of the debt.

There is a class of cases (where actions at law will not lie against trustees) holding that the bare presentation of a valid claim will prevent the running of the statute. See opinion of Chancellor KENT, in Peck v. Randall (*1 Johns.*, *164*) ; but those cases are distinguishable from the case under consideration, because here there is no suspension of the creditor's right of action (Reynolds v. Collins, *3 Hill*, *36* ; Bucklin v. Chapin, *1 Lans.*, *443*).

In this case, over eight years have elapsed since the death of Mr. Quinlan. During that entire time, the only move made by the alleged creditor, until now, was to obtain a verbal admission of the validity of his claim. During that time, he might have availed himself of an action at law, or proceeding in this court, to recover his debt, but he has neglected to do so, and must now suffer the consequences. The hardship is no greater than if the intestate had *verbally* admitted the debt, and the claimant had remained in a condition of quiescence, and permitted the debt to become invalid by lapse of time.

That this statute is available in a Surrogate's court is established by authority (McCartee v. Camel, *1 Barb. Ch.*, *454*, *465–466 ;* Smith v. Remington, *42 Barb.*, *75*).

The proceeding must be dismissed, with ten dollars costs against petitioner, and I so direct.