NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—May, 1884.

## WILLSON v. WILLSON.

*In the matter of the estate of* EDGAR WILLSON, *deceased.*

An executor or administrator is bound on his accounting to satisfy the Surrogate of the necessity and reasonableness of a claim made by him to be reimbursed for sums expended as counsel fees.

An executor or administrator cannot, on his accounting, be credited with payment for medical services rendered to decedent more than six years before his death.

A widow and administratrix of a decedent can claim credit, on her account-ing, for expenses incurred in the maintenance of, and medical attend-ance upon, infant children of the marriage, only upon showing that she herself has been destitute of the means requisite therefor; *contra*, as to her infant stepchild.

HEARING of exceptions taken, in behalf of Edgar Will-son and others, infant children of decedent, to report of referee upon judicial settlement of the account of Susan L. Willson, as administratrix of the estate of de-cedent. The facts appear sufficiently in the opinion.

C. A. HESS, *for administratrix.*

HERBERT VALENTINE *and* FRANCIS N. SHEPARD, *special guardians.*

THE SURROGATE.—Upon the evidence submitted with the referee's report, the contestants' exception to the allowance of the amount paid by the administratrix for services of counsel must be in part sustained. I held, in the matter of St. John's estate (*ante*, 236,) that the accounting party was bound to satisfy the Surrogate of the necessity and reasonableness of any claim made by him to be reimbursed for sums expended as counsel fees. In the present case, the administratrix has not established to my satisfaction that the full sum for which she seeks to be credited was necessarily paid out. The legal services, which seem to have been rendered at her instance in behalf of this estate, relate mainly to the successful resistance of a certain claim made by a physician, and to matters attendant upon the issuance of letters of administration. The rendition of these services, and of such others as are described by the testimony, the administratrix was justly entitled to secure, and for such reasonable sum as she expended in that behalf she should now be credited. But I do not feel warranted, upon the evidence as it now stands, in allowing her more than $150.

Her claim to be reimbursed for payments to Dr. Field must be altogether disallowed, so far as it relates to medical services rendered by him more than six years anterior to the decedent's death (Adams v. Fort Plain Bank, *36 N. Y., 255;* Burnett v. Noble, *5 Redf., 69;* McLaren v. McMartin, *36 N. Y., 88*).

There was no running or mutual account between the decedent and Dr. Field, such as would serve to prevent the operation of the statute of limitations in their dealings (Green v. Disbrow, *79 N. Y., 1*).

Within the six years which immediately preceded decedent's death, the same physician rendered other professional services to the family. For such sums as the administratrix has paid in that regard, she is justly entitled to credit in her account. It is proper also that the share of each of the decedent's children should be charged with such sum as has been expended in his behalf for medical attendance, etc., since their father's death, in case the administratrix herself has been unable to bear that burden. Such expenditure may fairly be deemed as in effect an advance to each of such children on account of his interest in the estate. In any event, the share of the child, Edgar, who is a stepson of the administratrix, should be burdened with so much of the expense as specially concerns himself. As there is no evidence, however, to show the precise character or value of the physician's services, the item must be altogether disallowed, unless this deficiency shall be supplied at a rehearing which I am about to direct.

Subject to like conditions, the administratrix should be granted reasonable allowance for the support and maintenance of the children, and she should be given such allowance unconditionally, so far as regards her stepson, whom she has been under no legal obligations to support.

It seems that, during the months of July, September and October, except for certain intervals from Friday to Monday, the infant was not actually living with the administratrix. For this cause a deduction of forty dollars should be made from the amount allowed by the referee.

As to those infants who are the children of the ad-

ministratrix herself, the situation is different. It has been incumbent upon her since their father's death to provide for their support, if she has had the means for so doing (Voessing v. Voessing, *4 Redf.*, *360*), and there is no evidence before the court to show that she has in fact been unable to maintain them. If however, such is the case, she is entitled to the credit which she claims.

If the circumstances are such that, upon her application in advance to be allowed for maintenance, the court would have granted a certain sum by way of such allowance, there is no sufficient reason, I think, why she should not now be credited with a like sum (Voessing v. Voessing, *supra ;* Evertson v. Tappen, *5 Johns. Ch.*, *497*).

The report may go back to the referee, for enabling the administratrix to present such proof as she may see fit to present, respecting her condition in life since the death of her husband, and respecting, also, the character of such of the medical services in question as were rendered within six years prior to the decedent's death. She may also give further evidence, if she desires, in the matter of her claim to be reimbursed for services of counsel.