(7 Misc. Rep. 262.)

### In re EGAN'S ESTATE.

(Surrogate's Court, New York County.  February, 1894.)

(7 Misc. Rep 264.)

### In re ROBBINS' ESTATE.

(Surrogate's Court, Orange County.  February, 1894.)

1. EXECUTORS AND ADMINISTRATORS—CLAIMS OF ADMINISTRATORS.

Code Civ. Proc. § 2739, providing that on a judicial settlement an executor or administrator may prove any debt owing to him by decedent, does not apply to a debt of decedent to a third person which has been

assigned to the administrator, and therefore does not stop the running of the statute of limitations against such debt.

**2. SAME—ACKNOWLEDGMENT OF CLAIM.**
  A petition filed by an administrator for leave to sell property for payment of debts, which sets out the names of the creditors and the nature and amount of the claims, is an acknowledgment to those who were made parties to the proceeding of the debts mentioned.

**3. SAME—PART PAYMENT.**
  Though an administrator cannot by an acknowledgment stop the running of the statute of limitations against a claim in his own favor, a payment made by him on the claim of a third person stops the running of the statute of limitations against such claim, though it is afterwards assigned to the administrator.

Judicial settlement of the account of the administrator of Albert H. Robbins, deceased.

J. W. Gott, for administrator.

Wm. D. Mills, for various creditors.

F. H. Cassedy, special guardian, for infant children of deceased.

COLEMAN, S. This is a proceeding for a judicial settlement of the accounts of the administrator. The deceased died in 1886, and Charles M. Thompson, the administrator, was appointed in March of that year. The available assets at that time amounted to $310.40, $150 of which was set apart to the widow, $95 paid for funeral expenses, and the balance, $65.40, was paid to the widow July 14, 1890, upon certain claims made by her against the estate. The only other property belonging to the estate was a legacy of $2,500, payable to the deceased upon the death of his mother, who, at his death, was upwards of 80 years of age. By reason of the great age of the mother of the deceased, the administrator did not, by sale, convert it into money at once, but on the 28th day of July, 1890, the administrator filed a petition in this court, setting out the names of the creditors and the nature of their claims, amounting in all to about $7,000, and prayed that such creditors be cited to show cause, etc., why an order should not be made directing the sale of said legacy. Objection was made by the most of the creditors to a sale, under the circumstances, because of the probability of an early maturity and the sacrifice incident to a forced sale. The matter rested until in July, 1893, when the administrator again moved, the life tenant being still living, and obtained an order for a sale, and the legacy was sold shortly thereafter, and converted into cash. On the 1st day of November, 1893, the administrator filed a petition for a judicial settlement, and a citation has been served on all the creditors and next of kin. Intervening the filing of the petition of July 28, 1890, and that of November 1, 1893, a period of more than seven and a half years has elapsed since the greater part of said indebtedness became due and payable, and upon this settlement the special guardian of the minor next of kin objects to the payment of such claims, upon the ground that they are now barred by the statute of limitations. No question is made but that all of said claims have been regularly presented to and admitted by the administrator. The claim formerly owned by Mrs. Robbins, the widow, was assigned by

her on the 14th day of July, 1890, to Mr. Thompson, the administrator, and it is now urged in his behalf that by section 2739 [1] of the Code of Civil Procedure the operation of the statute was suspended as to such claims until this judicial accounting. The language of this section only speaks of "a debt due from the decedent to the accounting party," and does not, therefore, include a debt of the decedent to a third party which has been assigned to the administrator, notwithstanding the fact, as urged by the counsel for Mr. Thompson, that he could not bring an action for the debt against himself. He had other remedies. It rested entirely with himself when he should institute the proceedings for a judicial settlement and, in such proceedings, establish claims owned by him.

The law is well settled that debts against decedents become barred by the statute of limitations in 6 years and 18 months from their maturity, notwithstanding their presentation to and admission by the representative of the estate. Butler v. Johnson, 111 N. Y. 204, 18 N. E. 643. To renew or continue the contract after this period there must be "an acknowledgment or promise, contained in a writing signed by the party to be charged thereby" (Code Civ. Proc. § 395), or there must have been a payment made thereon within that period by the decedent or by his executor or administrator. McLaren v. McMartin, 36 N. Y. 88. No payment was made on any of these claims by the decedent or by the administrator, except the payment of $65.40, made July 14, 1890, by the administrator to Mrs. Robbins. It is stated in the receipt signed by Mrs. Robbins that it was received "as a part payment of my claim against said estate." And no written acknowledgment or promise to pay has been made, unless it is found in the petition filed for leave to sell the legacy. This petition fully set forth the names of the creditors and the nature of their claims; it was signed by the administrator, and prayed that a citation issue to such creditors, which was done, and they were served. The next of kin were not made parties to this proceeding. I do not think the proceeding to sell the legacy gave the creditors any special claim upon the fund realized from the sale. The administrator might have made a perfectly valid sale without the surrogate's order, but he could also avail himself of any protection which an order, made upon notice, might afford him. The allegations of the petition may, however, work other results than that for which it was primarily intended. There is an acknowledgment to the persons made parties to the proceeding of their claim against the estate, and it is in writing, signed by the party who legally represented the debtor, and an acknowledgment upon which it may reasonably be claimed that they might rest without bringing

[1] Code Civ. Proc. § 2739 (repealed in 1893), provided as follows: "Upon a judicial settlement of the account of an executor or administrator he may prove any debt owing to him by the decedent. Where a contest arose between the accounting parties, and any of the other parties, respecting any property alleged to belong to the estate to which the accounting party lays claim; or respecting a debt alleged to be due by the accounting party to decedent, or by the decedent to the accounting party; the contest must be tried to determine in the same manner as any other issue arising in the surrogate court."

1012 NEW YORK SUPPLEMENT, vol. 27. [City Ct.

their action. Such an act the administrator might legally perform, and the next of kin are bound by its legal consequences. The case of Visscher v. Wesley, 3 Dem. Sur. 301, has been cited as sustaining an opposite view of the law. In that case an administrator had been required, at the instance of a creditor, to render an account, and in his answer to such application the administrator alleged that a certain judgment was entitled to priority of payment. Surrogate Rollins held, in a subsequent proceeding for a judicial settlement, that the written answer in the former proceeding "was not such an acknowledgment of that judgment as to give it new vitality." And the learned surrogate seems to be of the opinion that it was not such an acknowledgment, because the judgment creditor was not a party to the proceeding in which the written acknowledgment was made, and that his action was not influenced thereby; quoting authorities showing that the acknowledgment must be made to the debtor, or to some one representing him. The case may therefore be considered an authority sustaining the view that to a party to the proceeding the acknowledgment would have been good, and such is my opinion. The administrator cannot, however, avail himself of his own acknowledgment, and thereby continue his claim, which had been previously assigned to him by Mrs. Robbins, but I am of the opinion that the payment made by him to her upon this claim was sufficient to arrest the running of the statute. My conclusion is that the claims of the creditors mentioned in the administrator's account, and those which have been assigned to him, are still valid against the estate of the deceased. Decreed accordingly.