MAURICE J. WOODS, as Executor, etc., of PHILIP WOODS, Deceased, Respondent, v. JOHN FEENEY, CATHERINE FEENEY and LOUIS O'DONNELL and Others, as Executors, etc., of JAMES T. O'DONNELL, Deceased, Appellants.— In a judgment creditor's action it appeared that on June 1, 1932, the plaintiff Philip Woods, now deceased, had brought suit against defendant John Feeney on a note. Two days thereafter he recorded a bill of sale of his boat *Katie Feeney* to his wife. The subject of the action was a note given on a conditional sale of the barge then known as *A. Sidney Davison.* Feeney paid $300 on account and gave a new note and the action was discontinued. Later Philip Woods brought an action on the new note and recovered judgment on February 20, 1934, for $8,988.78. In this action it was alleged that the transfer of the boat *Katie Feeney* from defendant John Feeney to his wife was fraudulent and void; and there was a further claim that Feeney had loaned to James T. O'Donnell on April 22, 1924, $5,037.50, which was unpaid. O'Donnell died in 1932 or 1933 and his will was probated on June 29, 1933. The executors of his estate were made parties defendant. They set up the Statute of Limitations as a defense. There is no proof that any payment was made by O'Donnell in his lifetime and no claim made here to that effect. The plaintiff produced some evidence, inconclusive in character, that one of the executors had paid $1,800 to Feeney in 1933 and that thereby the obligation was renewed. There is no authority vested in the executors or any one of them to revive a debt against which the Statute of Limitations has run. So if there were such payments it was ineffective to revive the debt. (*McLaren* v. *McMartin,* 36 N. Y. 88; *Barry* v. *Lambert,* 98 id. 300; *Butler* v. *Johnson,* 111 id. 204, and *Holly* v. *Gibbons,* 176 id. 520.) Judgment in so far as it fixes liability on the defendants O'Donnell as executors reversed on the law, with costs, and complaint as to such defendants dismissed, with costs. Finding of fact numbered seventh in so far as it finds a balance due and payable to Feeney on the loan reversed. Conclusions of law numbered third and fourth, in so far as they relate to the defendants O'Donnell, disapproved. Judgment as against the defendants Feeney affirmed, with costs. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.

MARY ZAINO and GAETANO ZAINO, Appellants, v. HYMAN M. FRUTKIN, Respondent.— Plaintiff-wife, a patient of defendant — a dentist — was injured when she stumbled over a control box alleged to have been placed in the passageway leading from the operating room. Judgment dismissing the complaint at the close of plaintiffs' case reversed on the law and a new trial granted, with costs to appellants to abide the event. In our opinion the plaintiff-wife and her husband, who sued for his expenses, established a *prima facie* case and it was error to dismiss the complaint. It was for the jury to pass upon the credibility of the witnesses and plaintiff-wife's alleged contributory negligence. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.