## AVERY'S CASE.

*Before the City Judge of the City of New York ; March,* 1858.

INSOLVENT'S DISCHARGE.—JURISDICTION.—LIMITATIONS.

The city judge of the city of New York will entertain jurisdiction of applications for insolvent's discharge.

Inserting in the schedule, annexed to the petition of an insolvent for his discharge, the name of a creditor, with a memorandum that his claim is barred by limitations, is not an admission that he is still a creditor.

In the absence of affirmative evidence, on his part, of a subsisting claim against the petitioner, such a creditor is not entitled to oppose the discharge.

The insertion of his name in the schedule is not an acknowledgment of the debt sufficient to take it out of the statute ; and, therefore, evidence that the memorandum referring to the statute was written in, after the petition was first presented, is not material.

Application of an insolvent to be discharged from his debts, pursuant to the provisions of the Revised Statutes.

This was an application to Hon. A. D. Russell, city judge of the city of New York, made by the petitioner, Henry A. Avery, an insolvent debtor, and so many of his creditors as had, in good faith, debts owing to them by such debtor, amounting to at least two-thirds of all the debts owing by him to creditors residing within the United States, for his discharge from his debts, under the act entitled " An act of voluntary assignments made pursuant to the application of an insolvent and his creditors." At the time of the presentation to his honor of the petition, schedules, &c., an order was made by him requiring all the creditors of such insolvent to show cause, if any they had, at a certain time and place specified, why an assignment of the insolvent's estate should not be made, and he be discharged from his debts.

Among the names inserted in the schedule annexed to the petition, containing the list of all the creditors of the petitioner, were those of C. P. & E. Williams, and R. S. Williams & Co. Their names and claims were stated in the following words :

" C. P. & E. Williams, New York city—$2051.49 goods bought, and interest to August 1, 1854, for the acceptances of

Laughlin & Avery. This claim is barred by the statute of limitations. R. S. Williams & Co., New York city—$1826.27 goods bought and interest to August 1, 1854, for an acceptance of Laughlin & Avery. This claim is barred by the statute of limitations."

C. P. & E. Williams and R. S. Williams & Co. resisted the discharge, and, objection being taken to their contesting it, upon the ground that it did not appear from the schedule that they were creditors, they offered to show that the petition and schedule had been presented at previous times, when the schedule did not contain the memoranda referring to the statute of limitations. This evidence his honor excluded.

The contestants objected to the petitioner's discharge, and made the following points:—I. The city judge has no jurisdiction of this matter; the jurisdiction, if possessed, must be derived from the act creating the office, and that act does not confer jurisdiction. That act confers upon such judge only the judicial powers vested by law in the recorder, and authorizes him, concurrently with said recorder, to perform and discharge all judicial duties imposed upon such recorder. This act does not confer upon such judge all the powers vested by law in the recorder, but only judicial powers. Supreme Court commissioners had jurisdiction of insolvent cases: they were not judges; their acts were official, not judicial.

II. The names of the contestants, C. P. & E. Williams and R. S. Williams & Co., having been inserted in the schedule annexed to the petition as creditors, and notice under the statute having been served upon them, they are authorized thereby to appear and object to the discharge of the petitioner, without first proving their claims as subsisting claims.

III. The testimony offered and rejected of the presentation of the petition and schedule annexed at two previous times, and that the schedule did not then contain the words " this claim is barred by the statute of limitations" opposite the names of C. P. & E. Williams and R. S. Williams & Co., was material, inasmuch as that was an acknowledgment contained in some writing, signed by the party to be charged thereby, and was sufficient to take the case out of the operation of the statute.

RUSSELL, C. J.—As to the first point raised, I have no doubt

as to my jurisdiction in the matter.  It was a subject I had previously satisfied myself upon by a careful examination and consideration of the · powers and duties of the office, and have so held in the case of The People *v.* Wood.  By the act of the Legislature creating the office of city judge (*Laws of* 1850, 388, § 3), it is distinctly declared that "all judicial powers vested by law in the recorder of the city of New York are hereby conferred upon such (the city judge); and said (the) city judge shall concurrently with said (the) recorder perform and discharge all judicial duties imposed upon such (the) recorder."  The recorder, as a judge of the Court of Common Pleas for the city and county of New York, has the same powers as the judges specially elected for that court, and the powers of the latter as Supreme Court commissioners, are expressly continued to them, by chapter 255 of the laws of 1847 (*Laws of* 1847, 281, § 7).  This law has undergone judicial construction by the Court of Appeals of this State in Renard *v.* Hargous (3 *Seld.*, 259); and the decision of the Court of Appeals in that case, in relation to the. Superior Court of this city, will be found to sustain fully and completely this position.  The right of the recorder to entertain this application cannot be doubted.  If he has the power, the city judge has also.

As to the second point : the insertion of the names of the · contestants in the schedule annexed to the petition in the manner above stated, and the notice served on them, does not authorize them to appear and object to the discharge ; they are not recognized as creditors of said petitioner, but, on the contrary, it is expressly denied that they have any legal claim against said petitioner.  The statute saying " every creditor opposing the discharge," &c., evidently means those who are recognized in the schedule as such by the insolvent (2 *Rev. Stats.*, 4th ed., 201, § 18).  All others, when they come in to oppose the discharge as such, must first prove their claims as subsisting claims, otherwise they are not authorized to appear and oppose it.

This brings me to the third and most important point in this case—the rejection of the evidence offered by the contestants. It was urged before me that the evidence should be received because it was an acknowledgment contained in some writing signed by the party, and was sufficient to take the case out of the operation of the statute.  That formerly was the law, and was

so recognized in the case of Bryan *v.* Whitlock (2 *Cow.*, 153, 159), and any circumstances from which a promise might be fairly inferred was sufficient to take a case out of the operation of the statute; but this question in 1845 was brought before the Court of Appeals in the case of Bloodgood *v.* Bruen (4 *Seld.*, 367), and the principles of law governing this case fully and clearly determined, and the case of Bryan *v.* Whitlock overruled. The admission made in the case of Bloodgood *v.* Bruen was in a sworn answer in chancery, wherein the debt was acknowledged to be due, and it was urged that was sufficient to avoid the bar of the statute; but the court say, " that the acknowledgment not being made to the creditor, his agent, or any person representing him, it was not sufficient. If there be no express promise, but a promise is raised by implication of law from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a present subsisting debt which the party is liable and willing to pay. If there be accompanying circumstances which repel the presumption of a promise or intention to pay, &c., they ought not. to go to the jury as evidence of a new promise."

The Code also requires that all promises to take the case out of the operation of the statute must be in writing, signed by the party to be charged (*Code, Voorhies' ed.*, 1857, 74, § 110).

The testimony offered was, therefore, properly rejected, and the contestants not having established any liability on the part of the petitioner, Henry A. Avery, they are not entitled and have no right to oppose his discharge. There being no legal objection to the application, and the papers being regular and in accordance with the statute, it is ordered that the prayer of the petitioner be granted.