Daniel DeFreest, Respondent, *v.* Samuel S. Warner et al., Administrators, etc., Appellants.

An acknowledgment of indebtedness made by a debtor to a stranger, with the intention that it shall be communicated to and influence the creditor, is as effectual to defeat the statute of limitations as if made to the creditor or his authorized agent.

The maker of certain promissory notes conveyed his real estate to his sons by deed containing a clause to the effect that the lands were conveyed subject to and charged with the payment of the notes ; that they formed part of the consideration, and that the grantees assumed and agreed to pay the same. In an action upon the notes, wherein the statute was pleaded as a bar, — *Held,* that the acknowledgment in the deed must have been intended to be communicated to and to influence the action of

the holder of the notes; and, as the action was commenced within six years after such acknowledgment, that it was not barred.

(Argued January 23, 1885 ; decided February 10, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered in favor of plaintiff upon an order made May 1, 1883, which denied a motion for a new trial and directed judgment on a verdict. (Reported below, 30 Hun, 94.)

The nature of the action and the material facts are stated in the opinion.

*Amasa J. Parker* for appellants. The deed of Michael Warner to his sons of the 2d of April, 1875, was not such an acknowledgment of the debt as would raise a new promise to the creditor to pay him, and thus save the barring of the debt. (*Bloodgood* v. *Bruen*, 4 Seld. 262 ; *Pickett* v. *King*, 34 N. Y. 177 ; *Avery's Case*, 6 Abb. Pr. 147 ; *Henry* v. *Root*, 33 N. Y. 535 ; *Fletcher* v. *Updike*, 67 Barb. 364 ; Story's Eq. Jur., § 1521 [a] ; *Brown* v. *Bridges*, 2 Miles [Penn.], 424 ; *Christy* v. *Fleming*, 10 Barr. [Penn.] 129 ; *Roscoe* v. *Hale*, 7 Gray, 274 ; *Richardson* v. *Thomas*, 13 id. 381 ; *Reed* v. *Johnson*, 1 R. I. 81 ; *Wellman* v. *Southard*, 30 Me. 425 ; *Black* v. *White*, 13 S. C. 37 ; *Georgia* v. *Ellicott*, Taney, 4 Circuit, 130 ; *Everett* v. *Robertson*, 1 Ellis & Ellis, 16 ; *Davis* v. *Edwards*, 6 Eng. L. & Eq. 520.) Where a charge is made on property by will, or by general or special assignment, to pay certain scheduled debts out of a particular fund, it will take those debts, to the extent of the fund, out of the statute of limitations. (*Freake* v. *Cranefeldt*, 3 Myl. & Craig, 499 ; *Evans* v. *Tweedy*, 1 Beav. 55 ; *Christy* v. *Fleming*, 10 Barr. [Penn.] 129.) It was necessary to describe this debt in the deed, for the purpose of compelling an application of the property conveyed. (*Stoker* v. *Walters*, 12 Weekly Dig. 321.)

*Matthew Hale* for respondent. The case is governed by the provisions of the Code of Civil Procedure. (§ 414, subd.

3, § 403, as amended 1879 ; 2 R. S. 448, § 8 ; *Scovil* v. *Scovil,* 45 Barb. 517.) The acknowledgment in the deed was sufficient to take the case out of the statute. (*Sigourney* v. *Daury,* 14 Pick. 387 ; *Knight* v. *House,* 29 Md. 194 ; Old Code, § 110 ; New Code, § 395 ; *Shapley* v. *Abbott,* 42 N. Y. 443 ; *Edwards* v. *Culley,* 4 H. & N. 378; *Mountstephen* v. *Brook,* 3 B. & Ald. 141; *Clark* v. *Hougham,* 2 B. & C. 149 ; *Louden* v. *Van Rensselaer,* 9 Wend. 293 ; *Watkins* v. *Stephens,* 4 Barb. 168 ; *Carshore* v. *Huyck,* 6 id. 583 ; *Philips* v. *Peters,* 21 id. 351 ; *Bloodgood* v. *Bruen,* 8 N. Y. 362 ; *Wakeman* v. *Sherman,* 9 id. 85 ; *Dean* v. *Hewitt,* 5 Wend. 257.) The mentioning of a debt, in a voluntary assignment for the benefit of creditors, is sufficient. (*Bryan* v. *Wilcocks,* 3 Cow. 159 ; *Stewart* v. *Foster,* 18 Abb. 305 ; *Picket* v. *King,* 34 Barb. 193 ; *Ross* v. *Ross,* 6 Hun, 82 ; *Morrow* v. *Morrow,* 12 id. 386 ; *Winterton* v. *Winterton,* 7 id. 230 ; *Williamson* v. *Naylor,* 3 Y. & C. 208 ; 2 Story's Eq. Jur., § 1521 ; *Hughes* v. *Winne,* 1 Turn. & R. 307 ; *Fergus* v. *Gore,* 1 Sch. & Lef. 107 ; *Hargreaves* v. *Mitchell,* 6 Mad. 326 ; *Rendell* v. *Carpenter,* 2 Y. & J. 484 ; *Williamson* v. *Naylor,* 3 Y. & C. 208 ; *Thompson* v. *Shepherd,* 1 Mackay [D. C.], 385 ; *Palmer* v. *Butler,* 36 Iowa, 576 ; *Whitcomb* v. *Whiting,* 1 Smith's L. C. [8th ed.] 997, 1012, 1013.) A debt which has been discharged by proceedings in insolvency or bankruptcy may be revived by a promise to a third person, which, if sufficiently distinct and explicit, will be sustained by the original consideration, and confer a right of action on the creditor. (*Way* v. *Sperry,* 6 Cush. 238 ; *Evans* v. *Casey,* 29 Ala. 99 ; *McKinley* v. *O'Kerm,* 5 Penn. St. 309 ; *Comfort* v. *Eisenlas,* 11 id. 13 ; *Harris* v. *Sauffer,* 13 id. 541.) Although the deed in question has been adjudged to be void as against the grantees personally which could be enforced by the creditors named in the deed, that does not impair its effect as an acknowledgment of the debt. (*Anderson* v. *Sibley,* 28 Hun, 16 ; *Thompson* v. *Shepherd,* 1 Mackay [D. C.], 385.) The payment of May, 1875, takes the case out of the statute. (*Crallen* v. *Oulton,* 3

Beav. 1; *McKyring* v. *Bull*, 16 N. Y. 297; Code of Civil Procedure, §§ 539, 540; *Mench* v. *Mench*, 2 Lans. 235.)

Earl, J. This action was commenced in April, 1882, to recover on four promissory notes made by Michael Warner, the intestate, dated in 1871, 1872 and 1873, the last of which fell due in April, 1874. The defendants interposed as a defense the statute of limitations. To meet that defense the plaintiff introduced in evidence a deed of a farm dated April 2, 1875, executed by Michael Warner to his three sons, which deed contained the following clause : " The aforesaid piece and parcel of land is this day sold and conveyed by the said Michael Warner to the said Samuel S. Warner, Michael H. Warner and Albert Warner, subject to the following amounts due by me to the parties hereinafter specified, which forms a part of the consideration above expressed, and which I charge the above estate above conveyed with the payment thereof, and which said several amounts, together with the interest, the said parties of the second part assumes and agrees to pay, to Daniel DeFreest about $600, to Mrs. DeFreest about $400, together with the legal interest thereon." It is not questioned that the debts which the grantees thus assumed to pay were the notes described in the complaint in this action. Upon the trial the court denied the motion of the defendants to nonsuit the plaintiff and directed a verdict for the amount of the notes; and the decision having been affirmed at the General Term the defendants appealed to this court.

The claim of the defendants is that the acknowledgment of the indebtedness contained in the deed by the intestate to his three sons was not sufficient to answer the bar of the statute of limitations, because it was not made to the holder of the notes. The learned counsel for the defendants contends that an acknowledgment to save a note from the statute of limitations must be made to the holder of the note, or to some one acting for him. It is not necessary in this case to determine whether or not that is a correct statement of the rule, for, although sanctioned by the weight of authority in this State, the

cases are not entirely harmonious on the subject. (*Bryar* v. *Willcocks*, 3 Cow. 159 ; *Avery's Case*, 6 Abb. Pr. 144; *Stuart* v. *Foster*, 18 id. 305 ; *Winterton* v. *Winterton*, 7 Hun, 230 ; *Ross* v. *Ross*, 6 id. 80 ; *Morrow* v. *Morrow*, 12 id. 386 ; *Fletcher* v. *Updike*, 67 Barb. 364; *Bloodgood* v. *Bruen*, 8 N. Y. 362 ; *Wakeman* v. *Sherman*, 9 id. 85; *Pickett* v. *Leonard*, 34 id. 175.)

But even if the general rule be as claimed, this case is not within the rule. Where the acknowledgment is to a stranger, and it appears that it was the intention that the acknowledgment made to him should be communicated to and influence the creditor, it is just as effectual to defeat the statute of limitations as if it had been made directly to the creditor or his authorized agent. In *Wakeman* v. *Sherman* it was said by Judge Gardiner : "The promise must be made to the creditor or some one acting for him, or if made to a third person, must be calculated and intended to influence the action of the creditor." In *Winterton* v. *Winterton* the abstract of the case is as follows : " The law does not require that the acknowledgment of a debt, to render it effectual under the statute, should be exclusively and wholly made by the debtor to the creditor. It will defeat the operation of the statute, if made to the creditor's agent, or some person acting for him or in his interest, who may be reasonably expected to communicate it to him, and on which communication he may be expected to repose." In 1 Smith's Leading Cases, with Hare and Wallace's Notes, page 975, the learned annotators say : " A debt may be revived by a promise or admission to a stranger, if it sufficiently appears that the intention was that the declaration made to him should be communicated to and influence the creditor."

The acknowledgment in the deed of the intestate to his sons was intended and well calculated to influence the action of the holder of the notes referred to. It must have been intended and expected that it would be communicated to the holder, and that it would influence his action, because the grantees were expected to make payments in the future to the holder. And whenever the provision in the deed thus came to the holder's

notice he was bound thereafter to act upon the provision thus made. He was bound to receive payments from the grantees, and to recognize and treat them as the principal debtors, while the grantor remained simply surety for them. Thus we have a case where the acknowledgment was intended to influence the action of the creditor and which the creditor was bound to accept and act upon ; and, therefore, it was just as effectual to prevent the operation of the statute as if made directly to him.

Therefore, concurring fully in the opinion pronounced by the court below, we think the judgment should be affirmed, with costs.

All concur, except RAPALLO, J., dissenting, and DANFORTH, J., absent.

Judgment affirmed.