Earl, J.
The sole question for our determination is, whether plaintiff's claim was barred by lapse of time; and whether it was or not, depends upon the effect to be given in this case, to section 14 of article 7 of the Constitution, which was adopted at the electi-'ii in the fall of 1874, after the claim became due ; and which reads as follows : “ Neither the legislature, canal board, canal appraisers, nor any person or persons acting in behalf of the State shall audit, allow or pay any claim which, as between citizens of the State, would be barred by lapse of time. The limitation of existing claims shall begin to run from the adoption of this section ; but this provision shall not be construed to revive claims already barred by existing statutes, nor to repeal any statute fixing the time within which claims shall be presented or allowed, nor shall it extend to any claims duly presented within the time allowed by law and prosecuted with due diligence from the time of such presentment.”
*452 The object of this section was to prevent the allowance against the State of stale claims which had long lain dormant. But as the State could not be sued, it was not intended to bar claims which had been duly presented for payment or allowance. To avoid the bar of time, it was not necessary that the presentation should be made to the board of audit, or to its successor, the board of claims. All either of these boards could do, was to audit or allow claims. They could not pay them, but the legislature would still have to appropriate money for their payment and thus approve them. The presentment of a claim may be made to the legislature, which has jurisdiction in some form over all claims against the State; or it may be made to any officer or body of officers having jurisdiction to pay, allow or act upon the claim. And the claim may not be presented and then permitted to lie dormant, but must be prosecuted with reasonable diligence. It must be a live claim, which the claimant has by reasonable and suitable efforts diligently sought to have allowed and paid; else time interposes a bar which will defeat it, as it could be defeated if presented against an individual.
This money was payable upon demand on August 10, 1874. The plaintiff had the right to make the demand on that day, and hence, if this were an action against individuals, the limitation of time would have to be computed from that day. These moneys were hot deposited to be repaid only upon a special demand within the meaning of the second subdivision of section 410 of the Code.*
*453 But we think this claim was duly presented within the meaning of the constitutional provision referred to, and was prosecuted with due diligence. Some time before August 10, 1874, the State treasurer deposited this money with the Farmers’ and Mechanics’ Bank of Rochester, together with other similar funds, and subsequently the bank became insolvent and the money was lost. This loss did not absolve the State from its liability to repay the money to the plaintiff. He deposited the money with it when the money was paid into the hands of its treasurer, who was not his agent but a State agent, acting for and on its behalf. It cannot allege the loss, by the misconduct or default of its treasurer, as a defense to the payment of the money according to the contract.
But the money having been lost, and not being in the State treasury, nor under the control nor at the disposal of the treasurer, it could not be refunded, according to the provisions of the act of 1873, upon the certificate of the State engineer and canal commissioner, but only after some legislative action making new provision for its re-payment. So the plaintiff could be charged with no default or omission in not *454 ■procuring the certificate of the two officers named, nor placed at a disadvantage on that account.
On May 1, 1876, the legislature, in the supply bill of that year (chap. 193), enacted as follows : “ The sum of $22,800, or so much thereof as may be necessary, is hereby appropriated to refund to the contractors the amounts deposited by them in trust with the late treasurer, in pursuance of acts, chapter 850 of the Laws of 1872, and chapter 766 of the Laws of 1873, with such equitable interest as may be due thereon, which deposits were loaned by said treasurer to the Farmers’ and Mechanics’ Bank of Rochester and the Bank of Brockport, and are now unavailable in consequence of 'the failure of said banks. The aforesaid appropriation shall be paid to the contractors on the warrant of the comptroller, upon the treasurer certifying the amount to which such contractors are severally entitled.” The plaintiff applied to the State treasurer for the certificate contemplated by this provision, and he refused to give it.
On May 13,1878, the legislature, in the supply bill of that year (chap. 252), enacted as follows: “ The . unexpended balance of the appropriation of $22,800, made in chapter 193 of the Laws of 1876, ‘ to refund to contractors the amounts deposited by them in trust with the late treasurer in pursuance of chapter 850 of the Laws of 1872, and chapter 766 of the Laws of 1873, with such equitable interest as may be due thereon,’ being the sum of $7,991.85, is hereby reappropriated for the same purpose.” After this enactment the State treasurer again refused to give his certificate.
In the winter of 1881, the legislature again passed a bill appropriating the unexpended balance of the appropriation of 1876, to refund to contractors the amounts deposited by them in trust with the late treasurer in pursuance of chapter 850 of the Laws of 1872, and chapter 768 of the Laws of 1873, with such equit *455 able interest as may be due them ; but the governor vetoed the bill.
It has never been disputed that plaintiff’s claim is one of the claims provided for by these enactments. It must, we think, be presumed that this legislative action was invoked, at least in part, by the plaintiff, or by some one in his behalf, and that his claim was presented to, or in some way before the legislature. It would be against common experience and observation to suppose that the legislature passed these acts without being moved thereto by the parties interested, or by some person or persons acting in their behalf and for their benefit. This was, therefore, a live claim, neither stale nor dormant, but was prosecuted, before the only body that could give the plaintiffs effective and complete relief, with reasonable persistence and diligence.
So, too, this claim was presented to the State treasurer and State engineer, and they refused to recognize its validity or to take any steps for its payment.
In May, 1876, the legislature passed an act, chapter 425 of the laws of that year, part of section 2 of which is as follows : “ The canal board is hereby authorized to settle with any contractor on such terms as to the said board may seem just and reasonable, provided that the sum paid to any contractor shall in no instance exceed the amount due to him by the terms of Ms contract and an appropriation was made to carry out the provisions of the section. These two sums were due to. the plaintiff by virtue of his contract; and hence that act gave the canal board jurisdiction to act upon their-claim ; and they subsequently took jurisdiction of this, and other similar claims. On June 6, 1877, the-plaintiff presented his petition to the canal board askr ing to have bis money refunded ; and the petition was. referred to the attorney-general, who never reported in the matter. In April, 1878, the same or. another. *456 petition was presented to the canal board and was referred to the State treasurer, who in form thereafter made his report, which was laid on the table and ordered printed. In September, 1878, the petition was again presented to the canal board and referred to the attorney-general, who made a favorable report thereon in February, 1878 ; but his report was referred to the State engineer. Subsequently, in March, 1879, the superintendent of public works and the attorney-general were added to the committee, and thereafter the committee made, as must be inferred, an unfavorable report to the board, which seems never to have been acted on by the board. During the several years this claim was pending before the canal board, and receiving laborious attention, none of the members of that board,—some of them distinguished for legal ability, all of them presumably familiar with the laws defining the jurisdiction of the board, and many of them having great experience in the practical affairs of the board,—discovered what is now claimed, that, after all, the board did not have jurisdiction of the •claim.
The plaintiff having been led by the action of the law officers of the State and of all the State officers having any relation to his claim, to repose in the belief that the canal board had jurisdiction to act upon his claim, should not now be prejudiced by a denial of that jurisdiction, based upon a narrow or doubtful construction of the act of 1876. Hence it cannot be denied that this claim was prosecuted with reasonable diligence before the canal board.
Thus the plaintiff first presented his claim before the legislature,—the only body that could give him relief,—and attempted to procure payment thereof under the acts of 1876 and 1878. Failing in that, he prosecuted his claim under the act of 1876 before the canal board, of which the comptroller, treasurer, State *457 engineer and canal commissioners were members. Failing there, he again attempted legislation in 1881, and failing there in consequence of the governor’s veto, he filed his claim before the board of audit, from which it was transferred to the board of claims ; and there he failed because his claim had not been “ duly presented within the time allowed by law and prosecuted with due diligence and we think without sufficient reasons. The claim never became stale ; was not allowed to sleep for any considerable time ; was constantly pressed upon the attention of the State government in some way, and thus came to the attenof every body of men and every State officer that had any possible relation to it; and hence it never came under the condemnation of the constitutional provision referred to.
But we may go still further, and hold that this claim would not have been barred if it had been held against an individual. According to this record, the plaintiff completely performed his contracts with the State, and his work was duly accepted and approved by the State officers and agents, and he was entitled to have his money refunded. But it had been lost through the act of a State officer ; and hence the legislature passed the acts of' 1876 and 1878, fully recognizing its liability for the money and providing for its payment. Its recognition of liability was unqualified and accompanied with no conditions. The money to pay the claim was appropriated, and it was to be paid upon the certificate of the treasurer and the warrant of the comptroller. If an individual owing this claim had at the same date recognized his liability and provided money for the payment of the claim in precisely the same way, the running of any prior time as a bar to the claim would have been defeated (De Freest v. Warner, 98 N. Y. 217*); and the same effect must be *458 given. to the acts referred to against the State (People v. Dennison, 80 N. Y. 656*); and hence, when this claim was filed with the board of audit in 1882, it was hot barred by any limitation of time.
When the State, to a just claim such as this is found to be, has no better or other defense than the statute of limitations, it should at least, both upon the law and the facts, establish that defense with reasonable clearness and certainty. This it failed to do ; and therefore the decision of the board of claims should be reversed, aud a new trial ordered, with costs to abide event.
Ruger, Ch. J., and Rapallo and Finch, JJ., concurred.
Danforth and Miller, JJ., dissented.
Andrews, J., took no part.
New trial ordered.

 The reference is to the Code of Civil Procedure. Section 410 is as follows :
“Where a right exists, but a demand is necessary to entitle a person to maintain an action, the time, within which the action must be commenced, must be computed from the time, when the right to make the demand is complete; except in one of the following cases:
*453 “ t. Where the right grows out of the receipt or detention of money or property, by an agent, trustee, attorney, or other person acting in a fiduciary capacity, the time must be computed from the time, when the person, having the right to make the demand, has actual knowledge of the facts, upon which that right depends.
“2. Where there was a deposit of money, not to be repaid at a fixed time, but only upon a special demand, or a delivery of personal property, not to be returned, specifically or in kind, at a fixed time or upon a fixed contingency, the time must be computed from the demand.”
See Roberts v. Berdell, 15 Abb. Pr. N. S. 177; Purdy v. Sistare, 2 Hun, 120.
For the conflict in previous cases, see Throop’s Ed. of the Code of Civil Procedure, p. 169, § 410, note.

 Aff’g 30 Hun, 94.

 Aff’g 19 Hun, 137. .There is a further decision in 8 Abb. N. C. 128.