In the Matter of the Judicial Settlement of the Accounts of BENJAMIN H. KENDRICK, as Administrator, etc.

EDWARD VISCHER et al., Executors, etc., Creditors, Respondents; EDWARD B. WESLEY, Creditor, Appellant.

*It seems* the provision of the Code of Civil Procedure (§ 403), declaring that "the term of eighteen months after the death of a person within this State, against whom a cause of action exists, is not a part of the time limited for the commencement of an action against his executor or administrator," does not apply to the provision (§ 376), declaring that a judgment shall be conclusively presumed to be paid after twenty years from the time the party recovering it was entitled to a mandate to enforce it, except as against one, who, within the twenty years has made a payment or acknowledged an indebtedness thereon, and there is no provision contained in the Code which, under any circumstances, extends the time within which an acknowledgment or payment must be made in order to rebut the otherwise conclusive presumption of payment after the lapse of twenty years.

W. recovered a verdict against K. in May, 1863; K. died intestate in January, 1883; his administrator qualified in February, 1883; W. presented his claim in March, 1884. In February, 1884, a petition was presented by other judgment-creditors asking that the administrator of K. be

required to pay their judgment. The administrator by his answer thereto, verified and filed in March, 1884, set up the judgment recovered by W.; that it was entitled to a priority; that notice of the claim thereon had been presented and that the assets were insufficient to pay it. *Held,* that conceding the eighteen months exclusion applied, this answer was not a sufficient acknowledgment to revive the W. judgment, as he was not a party to the proceeding in which the answer was interposed.

An admission or acknowledgment made to a stranger, not intended to be communicated to or to influence the conduct of a judgment-creditor, is not effectual to rebut the presumption of payment so arising or (*it seems*) to revive a debt barred by the statute of limitations.

A petition by the administrator for a judicial settlement of his accounts was verified November 20th and filed November 28th, 1884. Among the names set forth therein of those interested in the estate as creditors, etc., was that of W. The petition did not specify the amount or date of judgment or that any amount was due thereon. The administrator's account, which was verified at the same time with the petition, set forth said judgment and stated that the claim thereon was disputed by the administrator. *Held,* that the statement in the petition did not amount to a written acknowledgment of the debt.

On the hearing before the surrogate in January, 1885, an order was made on motion of the administrator allowing the account to be amended, by striking out the statement that the W. judgment was a disputed claim. Previous to this another judgment-creditor had filed objections to the claim on the W. judgment, on the ground that it was barred by the statute. *Held,* that it was out of the power of the administrator at that stage to bind the contesting creditors by any acknowledgment of the W. judgment as a subsisting claim.

Upon the settlement of an administrator's accounts creditors, whose claims are not barred by the statute of limitations, are entitled to object to those which are, when the assets are insufficient to pay both.

(Submitted June 7, 1887; decided October 11, 1887.)

APPEAL by Edward B. Wesley, a creditor, from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 22, 1887, which affirmed, so far as appealed from, a decree of the surrogate of the county of New York, on settlement of the accounts of Benjamin H. Kendrick as administrator of the estate of Edward E. Kendrick, deceased.

The proceedings were instituted upon the petition of said administrator. The contest was between judgment-creditors.

Edward B. Wesley presented as a claim against the estate a judgment against the intestate recovered May 29, 1863. Edward Vischer and another, as executors of the estate of Catharine Vischer, deceased, presented as a claim a judgment therein as executors, rendered December 29, 1865; they also filed objections to the claim on the Wesley judgment on the ground that it was barred by the statute of limitations.

The further facts material to the questions discussed are stated in the opinion.

*Samuel H. Randall* for appellant. There was a sufficient acknowledgment of the Wesley claim, both in the petition for citation and the "account of proceedings," made on November 20, 1884, within the time of limitation, to prevent the bar of the statute against appellant's claim. (Code of Civil Pro. §§ 376, 403; *Boyer* v. *Wilcox*, 3 Cow. 150; *Ross* v. *Ross*, 6 Hun, 80; *Morrow* v. *Morrow*, 12 id. 386; *Adams* v. *Orange Bk.*, 17 Wend. 514; *Brett* v. *Hunt*, 6 Johns. 16; *McNamee* v. *Feuery*, 41 Barb. 495; *De Forest* v. *Warner*, 30 Hun, 94; *Fiske* v. *Hubbard*, 13 J. & S. 331; *Murray* v. *Coster*, 20 Johns. 576.) The plea of the statute of limitations was either a personal privilege, which the administrator could alone avail of, or the respondents were not entitled as creditors to plead this statute, when it would be inequitable for the administrator to do so. (Redf. L. & Pr. § 2533 [Surrogate's Ct.], art. 9, pp. 387–392.) The statute was not properly and sufficiently pleaded by the respondents, or in such manner that they were entitled to derive any benefit therefrom. (*Budd* v. *Walker*, 3 N. Y. Civ. Pro. 422; *B. Bank* v. *Luff*, 51 How. Pr. 479.) The surrogate had ample power to allow the amendment of the original account of proceedings by limiting the dispute of the claims therein to the Visscher claim, and to treat the account as containing an acknowledgment of the indebtedness of appellant's claim. (Code Civ. Pro. § 2472, subds. 3, 6; § 2481, subds. 6, 11.) The acknowledgment of appellant's claim by the administrator in his answer on respondents' application on March 28, 1884, was such an acknowledgment as to

prevent the operation of the statute, and the surrogate's action was in the nature of a *res adjudicata* as to the priority of appellant's claim. (*Morrow* v. *Morrow*, 12 Hun, 386.)

*Henry G. Atwater* for respondents. Any creditor of the estate was entitled to attack the Wesley judgment as barred by the statute of limitations. (*Shewen* v. *Vanderhorst*, 1 R. & M. 352; *Ex parte Dewdney*, 15 Ves. 498; *Partridge* v. *Mitchell*, 3 Edw. Ch. 180; *Moodie* v. *Bannister*, 4 Drewry, 438; *Fisher* v. *Mayor, etc.*, 6 Hun, 64.) Proof that in a proceeding in the Surrogate's Court, between the administrator and another creditor, the administrator, in an answer to a petition against him for the payment of another debt, had acknowledged and set up the Wesley judgment was not an acknowledgment such as the statute intends, because not made to Wesley or any one acting for him, nor with intent to influence or control his conduct. (*Wakeman* v. *Sherman*, 9 N. Y. 85; *Winterton* v. *Winterton*, 7 Hun, 230; *Fletcher* v. *Updike*, 67 Barb. 364; *Bloodgood* v. *Bruen*, 8 N. Y. 362; *De Freest* v. *Warner*, 98 id. 217; *Sands* v. *Gelston*, 15 Johns. 511; *Clark* v. *Dutcher*, 9 Cow. 675; *Shapley* v. *Abbott*, 42 N. Y. 443; *Com. Mut. Ins. Co.* v. *Brett*, 44 Barb. 489.)

RAPALLO, J. The appellant, Edward B. Wesley, claimed before the surrogate on the final settlement of the accounts of the administrator, to be a judgment creditor of the intestate, and, as such, entitled to payment in preference to other creditors. The surrogate decided that the judgment under which the appellant claims, having been recovered more than twenty years before, must, under the statute, be conclusively presumed to have been paid, and on that ground rejected the claim.

The judgment was recovered by Wesley against Edward E. Kendrick, the intestate, on the 29th of May, 1863. Kendrick died January 9, 1883. His administrator qualified February 9, 1883, and Wesley presented his claim March 27, 1884. More than twenty years had then elapsed after the recovery of the judgment, and the statutory presumption of payment had

then attached. It is not claimed that any payment had been made, or acknowledgment of a continuing indebtedness given, before such presentation, and the claim being then barred by the statute, no acknowledgment or new promise made by the administrator after it had become thus barred, would, if made, have been available to revive the debt against the other creditors or the next of kin of the intestate. (*McLaren* v. *McMartin*, 36 N. Y. 88.)

The learned surrogate of New York treats the case as if section 403 of the Code were applicable, which provides that "the term of eighteen months after the death, within the State, of a person against whom a cause of action exists, is not a part of the time limited for the commencement of an action against his executor or administrator," and by the application of that section he assumes that the presumption of payment did not attach until November 30, 1884, which would have been twenty-one years and six months after the recovery of the judgment, and that an acknowledgment, if made by the administrator in proper form within the twenty-one years and six months, would have been sufficient. We do not agree to the correctness of that view. The statute (Code, § 376) declares that a judgment shall be presumed to be paid and satisfied after the expiration of *twenty years* from the time when the party recovering it was first entitled to a mandate to enforce it, and that this presumption is *conclusive*, except as against a person who, *within twenty years from that time*, makes a payment or acknowledges an indebtedness of some part of the amount recovered. The extension of eighteen months mentioned in section 403 applies only to those sections following 380, which limit the time for commencing certain actions, and are added to the times limited in those sections for bringing the action, but there is no provision contained in the Code, which, under any circumstances, extends the time within which an acknowledgment or payment must be made, in order to have the effect of rebutting the otherwise conclusive presumption, after the lapse of twenty years, that a judgment has been paid and satisfied.

All the acts which the appellant claims to have constituted
acknowledgments of indebtedness sufficient to rebut the pre-
sumption of payment of his judgment, were performed on or
after the the 27th of March, 1884, which was twenty years
and nearly ten months after the entry of the judgment, and
they were for that reason ineffectual to revive the judgment.
But assuming that the extension of eighteen months was
applicable, and that therefore the presumption of payment
did not arise until the 30th of November, 1884, we think that
no sufficient acknowledgment was shown.

On the 27th of February, 1884, the executors of Catherine
Visscher, who are respondents on this appeal, presented to the
surrogate a petition that the administrator of Kendrick be
decreed to pay a judgment recovered by the testator of the
petitioners against Kendrick, the intestate, on the 29th of
December, 1865. The administrator in his answer to that
petition verified March 27, 1884, and filed March 28, 1884,
set up among other things, the judgment which had been
recovered by Wesley the appellant on the 29th of May, 1863;
that it was entitled to priority over the Visscher judgment;
that notice of the claim on the Wesley judgment had been
duly served on the administrator, and that the assets in his
hands were less than the amount of said Wesley judgment.

This answer is claimed by the appellant to constitute an
acknowledgment in writing that the Wesley judgment was a
subsisting claim against the estate. But we are of opinion
that the answer to the Visscher petition was insufficient to
revive the Wesley judgment, and that the appellant cannot
avail himself of it for the reason, in addition to the one
already stated, that the appellant was not a party to the pro-
ceeding in which the answer was interposed; that the
acknowledgment claimed to be contained in the answer was not
made to the appellant, nor to his agent, nor to any one acting i i
his behalf, nor was it intended to be communicated to him or
to influence his conduct. An admission or acknowledgment
made under such circumstances, to a stranger, is not effectual
to rebut the presumption of payment or to revive a debt.

barred by the statute of limitations. (*Bloodgood* v. *Bruen*, 8 N. Y. 362; *Wakeman* v. *Sherman*, 9 N. Y. 85; *De Freest* v. *Warner*, 98 N. Y. 217.)

It is further claimed that in the proceedings for a final accounting now under review the administrator acknowledged the liability of the estate on the appellant's judgment.

The petition for the judicial settlement of the administrator's accounts was verified November 20, 1884, and filed November 28, 1884. It set forth, as required by section 2729 of the Code, the names of the persons interested in the estate of the deceased, as creditors, legatees, next of kin or otherwise, and, therefore, required by law to be cited, to the best of the knowledge, information and belief of the petitioner, and among the persons so named was "Edward B. Wesley a judgment creditor of the deceased," and it prayed for a citation, etc. A citation was thereupon issued to the persons named, returnable December 12, 1884. The petition did not specify the amount of the judgment, the date of its recovery, or that any amount was due thereon. Section 2729 required that persons claiming to be creditors be named in the petition, and the mere naming of Wesley as a creditor to be cited, without any other statement did not amount to a written acknowledgment of the debt, especially as the administrator's account, which was verified at the same time with the petition, set forth the Wesley judgment and stated that the claim of the appellant thereon was disputed by the administrator.

This account, setting forth the Wesley judgment as a disputed claim, was filed on the 15th of December, 1884, after the expiration of the extension of eighteen months allowed by section 403, assuming that such extension was to be allowed. On the hearing before the surrogate in January, 1885, an order was made on motion of the administrator, allowing the account to be amended by striking out the statement that the Wesley judgment was a disputed claim, but it was too late at that time to bind the estate by any acknowledgment of the administrator. The account as rendered had been filed with the surrogate on the 15th of December, 1884, and the executors of Visscher,

another judgment creditor whose claim was not barred by lapse of time, had filed objections to the claim on the Wesley judgment, alleging that it had been recovered more then twenty years previously, excluding eighteen months after the death of the intestate, and that it was barred by the statute. It was out of the power of the administrator at that stage to bind the contesting creditors by an acknowledgment of the Wesley judgment as a subsisting claim, and we entertain no doubt of the right of creditors whose claims are not barred, to object to those which are, where the assets are insufficient to pay both.

There are no facts to support the claim on the Wesley judgment other than those which have been referred to. Of course, the oral communications between the attorneys for the respective parties cannot be taken into consideration. (Code, § 395.)

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.