ANNIE E. SMITH, APPELLANT, *v.* FLETCHER W. CAMP, AS ADMINISTRATOR, WITH THE WILL ANNEXED OF MARY ETTA CAMP, DECEASED, RESPONDENT.

*Acknowledgment of an indebtedness — to avoid the statute of limitations it must be one intended to be communicated to the creditor.*

An acknowledgment of an indebtedness, in order to prevent the running of the statute of limitations, must be one intended to be communicated to the creditor, or to influence his conduct, and a written memorandum made by the debtor, and kept in her possession up to the time of her death, and thereafter found among her papers by her executor, is not such an acknowledgment as will take the claim out of the statute.

APPEAL by the plaintiff Annie E. Smith from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 30th day of April, 1890, in favor of the plaintiff; and also from an order denying plaintiff's motion for a new trial made upon the minutes of the court.

The action was brought to recover the sum of $4,000, and was tried at the New York Circuit before the court and a jury, and a verdict was rendered in favor of the plaintiff for $259.

*E. H. Pomeroy*, for the appellant.

*W. Mitchell*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover the sum of $4,000, with interest, being an amount alleged to have been loaned by the plaintiff to one Mary Etta Camp at various times prior to December 28, 1882. The complaint also alleged that on said December 28, 1882, the said Mary Etta Camp acknowleged, in writing, that she owed the plaintiff the said $4,000 so loaned, and promised to pay the same, and signed said acknowledgment and promise.

Upon the trial it appeared that said Mary Etta Camp died in November, 1884, leaving a last will and testament, dated July 19, 1883, after the memorandum hereinafter mentioned. By said will James W. Camp was appointed executor, to whom letters testamentary were duly issued upon the probate of the will. The executor having died the defendant was duly appointed administrator with the will annexed. This action was originally commenced against the executor and after his death revived as against the administrator.

The answer denied the loan, acknowledgment and promise to pay and set up as a separate defense the statute of limitations, and the satisfaction of any claim by reason of said alleged loan by a legacy of $5,000, bequeathed to said plaintiff by said Mary Etta Camp in her last will and testament.

The plaintiff offered in evidence a certain memorandum book of the said Mary Etta Camp, in the possession of the defendant, in which appeared the following in lead pencil in the handwriting of said Mary Etta Camp :

57 ST. MARK'S PLACE,
N. Y., *December* 28th, 1882.

I, Mary Etta Camp, of the city of New York, now so reside, being of sound mind but of uncertain health, do make this my last will and testament in case I am not able to make out more fully a statement more minute in its details, to my sister Annie E. Smith must be paid, out of my estate, $4,000 which I owe her and my debts which I may leave unpaid, to

Mary Etta Camp.
Mary Etta Camp.
Mary Etta Camp.

This memorandum remained in the possession of Mary Etta Camp in her lifetime, and on her death was found amongst her papers by

her executor and produced upon the trial by the defendant upon notice by the plaintiff. It does not seem to have been seen by anybody during the lifetime of the decedent.

There were certain other entries in the book put in evidence by the plaintiff, made since the 1st of April, 1881, amounting to $175, which appeared to be the acknowledgment of receipts of moneys from the plaintiff by the decedent. The plaintiff offered to prove items in these books prior to April 1, 1881, aggregating a large sum of money, and similar to those mentioned running back to 1872.

This action having been commenced on the 9th of October, 1888, these items were considered to be barred by the statute of limitations unless they were revived by the acknowledgment of December 28, 1882, and they were, therefore, excluded.

The court thereupon directed a verdict for the sum of $175 and the interest; and a motion having been made for a new trial, which was denied, from the judgment and order thereupon entered this appeal is taken.

The single question is, whether the memorandum dated December 28, 1882, was such an acknowledgment as took the claim out of the statute.

It is well settled that an acknowledgment to prevent the statute of limitations from running must be intended to be communicated to the creditor or to influence his conduct; the theory being that because of the promise and acknowledgment he has probably refrained from taking those steps which he otherwise would have taken to prevent the statute from running.

In the case at bar it does not appear that the memorandum in question was ever intended to be communicated to the creditor during the lifetime of the debtor, or in anywise to influence her conduct. In fact, the memorandum appears to be an informal attempt of Mary Etta Camp to make a will, and, as it was futile for such purpose, its objects cannot be perverted from that which was intended by the subscriber into an acknowledgment of an indebtedness which would be binding upon her. Even if it had been a will formally executed, it was revoked by the will of July 19, 1883, and an acknowledgment signed by a party, recalled before the creditor has knowledge of it, cannot possibly form the basis of a claim that the statute of limitations has ceased to run.

The whole tendency of the decisions upon this subject is, that the acknowledgment must be communicated to the creditor for the purpose of influencing his action, or that it might influence his action.

It is not necessary to cite authorities on this subject. In the *Matter of Kendrick* (107 N. Y., 104) an acknowledgment under oath of an indebtedness was held to be insufficient to take the debt out of the statute, because it was not made to the creditor nor to his agent nor to any one acting in his behalf; nor was it intended to be communicated to him or to influence his conduct. And it was held that an admission, under such circumstances, to a stranger was not effectual to rebut the presumption of payment, or to revive a debt barred by the statute. Numerous other cases might be cited sustaining the principles already enunciated.

We think, therefore, that the judgment and order appealed from should be affirmed, with costs.

DANIELS, J., concurred.