ANDREW MILLER

*v.*

ISAAC TEETER.

1. A request by the mortgagor to a third person, to write to the mortgagee concerning a mortgage which he holds against the farm of the mortgagor, saying that he had made arrangements to pay it off, and telling him to produce it in person, or to send it to some friend, and in that case he would remit by check, is such an acknowledgment as to prevent the operation of the statute of limitations.

2. An acknowledgment of a liability made to a third person with the understanding that such acknowledgment should be conveyed to the creditor, will be as binding upon the debtor as if it were made to the creditor directly.

----

On bill to foreclose.

*Mr. George A. Angle,* for the complainant.

*Mr. George M. Shipman,* for the defendant.

Miller *v.* Teeter.

BIRD, V. C.

This bill is for the foreclosure of a mortgage. The answer sets up the bar of the statute of limitations. After no little hesitation I have come to the conclusion that this defence has been overcome. The evidence which clearly supports this view is the acknowledgment of the debt by the defendant to a third person, about seven years before the statute would begin to run, in a request that such third person communicate with the creditor. What he said and what he requested will appear by the communication following, which was mailed to the creditor. Teeter, the debtor, was visiting such third person, whose name was Titman, and on such visit he requested Titman to write to Miller, the creditor, concerning the mortgage, which request Titman complied with the next day. Among other things he said :

"He [referring to Teeter] wishes me to write to you concerning that mortgage you hold against his farm. He has made arrangements to pay it off. He would like you to bring it out if it is possible for you come, and if you cannot come you can send it to some responsible man and let him send you a check for the money."

In *Murry* v. *Coster, 20 Johns. 576,* it appears that counsel for the defendant wrote to the complainant, pursuant to instructions, that they would pay the claim without interest in order to avoid litigation, reserving the right to plead the statute of limitations, and the court held this a sufficient acknowledgment to take the case out of the statute.

I think that where such acknowledgment is made to a third person with the express directions or clear intention upon the part of the debtor that such acknowledgment should be communicated to the creditor, the statutory bar will not avail the debtor. Although there are many authorities which hold that an acknowledgment of the debt to a stranger will prevent the intervention of the statute by the debtor, there are a large number to the contrary ; yet I think wherever the question has been considered when the purpose of the debtor in making the acknowledgment to a stranger was that it should be communicated by the latter to the creditor, the creditor may rely upon it. *Parker*

v. *Remington, 15 R. I. 300; Wakeman* v. *Sherman, 9 N. Y. 85, 92; In re Kendrick, 107 N. Y. 104*

In *De Freest* v. *Warner, 98 N. Y. 217,* it is declared (at *p. 221*) : " Where the acknowledgment is to a stranger, and it appears that it was the intention that the acknowledgment made to him should be communicated to and influence the creditor, it is just as effectual to defeat the statute of limitations as if it had been made directly to the creditor or his authorized agent."

There are other facts and circumstances in the case, but less decisive, and therefore I will not dwell upon them.

The complainant, on the 15th day of January, 1882, endorsed $20 upon the bond secured by this mortgage as a payment. The defendant denies having made any payment at that time. He says that $20 was paid to the complainant about that time by his wife, but that it was for a wholly different purpose.   In this the defendant's wife and another person who was present at the time and heard the conversation sustain the defendant.   But since the complainant has seen fit voluntarily to make such a credit, whether it was done with the view of preventing the operation of the statute of limitations or not, I think he ought to be held accountable therefor.

I will advise that the complainant is entitled to the amount due upon his mortgage, with costs.