Matter of the Judicial Settlement of the Account of HENRY WENDT, as Executor of the Last Will and Testament of GESINE SCHROEDER, Deceased.

(Surrogate's Court, Bronx County, December, 1918.)

Statute of Limitations — when bar of Statute of Limitations lifted — decedents' estates — evidence.

> At the time of her death decedent owed a balance for money borrowed by her ten years before, and within the six years next preceding her death she wrote a memorandum as follows: "I owe Henry C. Tienken Four Hundred and eighty-five dollars.   Please pay immediately.   Gesine Schroeder."   This was written at the direction and in the presence of one of her daughters, who stated to decedent that she would see that the debt was paid.   The creditor never had possession of said memorandum and knew nothing of it.   *Held*, that the evidence showed an implied promise to pay the claim, made by decedent to her daughter with intention that the same should be communicated to the creditor and that the bar of the Statute of Limitations was lifted.

PROCEEDINGS on judicial settlement of the account of an executor.

Henry Wendt, petitioner in person.

Bartholomew Foody, Jr., for respondent.

Thomas G. Price, special guardian for infant respondent.

Surrogate's Court, Bronx County, December, 1918. [Vol. 105.

SCHULZ, S. The accounting executor sets forth two unpaid claims, with the request that they be adjudicated in this proceeding. One is his own claim for the sum of $250 cash advanced to the decedent, the other is the claim of Henry Tienken for the sum of $485, also for cash advanced to the decedent. There being no objection by any of the parties to the executor's claim, and the evidence offered having established the debt, the claim was allowed. The other claim remains to be determined.

Some time between the years 1901 and 1905 the decedent borrowed the sum of $500 from Henry C. Tienken, her brother-in-law. Of this amount she repaid the sum of $15, leaving a balance of $485 still due and owing. The evidence does not disclose when the $15 payment was made, but there is no contention that it was made within six years of the date of her death. Between five and six years before her decease, but not longer than six years before that time, the decedent wrote a memorandum as follows:

"I owe Henry C. Tienken Four Hundred and eighty five dollars. Please pay immediately.

"GESINE SCHROEDER."

This paper was written in the presence of one of her daughters, Louise Schroeder, and by the testatrix was put in a tin box in which she and the said daughter kept their papers. The creditor never had possession of this instrument, and did not know that it was there.

The decedent left her surviving two daughters and a granddaughter, the latter an infant, all of whom are interested in the estate. The facts above set forth were testified to by one of the daughters, Louise Schroeder, who lived with the mother up to the time of her death, who I believe is truthful, who declines to invoke the statute to avoid payment of what she

considers a just debt of her deceased mother, and whose action is the more commendable because one-half of the amount in question will come out of her share in the estate of the testatrix. The other daughter, through her counsel, upon the hearing contended that the claim of the creditor is barred by the Statute of Limitations, and the special guardian joined in that contention, as was his duty.

The respondents in the accounting proceeding did not file any objections prior to the hearing, claiming that they had no knowledge of the particulars of the claim at that time and hence could not do so. Since the hearing the contesting daughter filed written objections to the effect that the claim is not valid and that there is no legal obligation on the part of the estate to pay the same, and the special guardian has filed his report in which he finds the account correct except as to the claim stated, and this he submits to the court for such action as it may deem just and proper in the premises.

The creditor asks no interest upon the amount of the claim. The estate is solvent, and I am satisfied from the evidence before me that the sum claimed is the balance of an amount loaned to the decedent by her brother-in-law and never repaid.

That the claim was barred by the statute is not disputed (Code Civ. Pro. § 382), so that the sole question involved is whether or not the paper writing above quoted and the circumstances under which it was made take the claim out of the statute.

Wood on Limitations, Volume 1, page 420, states that under the modern rule an acknowledgment must be such as fairly raises an implied promise to pay the debt: " It follows as a matter of course that the acknowledgment or promise must not only be made by a person legally competent to contract, but must also

be made to the creditor himself, or some person duly authorized to act for him in that regard, so that a new contract, resting upon the old one for its consideration, may be set up in reply to the statute * * * ." See, also, *Bloodgood* v. *Bruen,* 8 N. Y. 362; *Matter of Kendrick,* 107 id. 104.

In *Wakeman* v. *Sherman,* 9 N. Y. 85, the court stated the rule to be that " there must be an express promise to pay, either absolute or conditional, or an acknowledgment of the debt as subsisting, made under such circumstances that such a promise may be fairly implied. (1 Peters, 362; 1 Cow. 531.) The promise must be made to the creditor or some one acting for him, or if made to a third person must be calculated and intended to influence the action of the creditor." Citing 2 Story Eq. Juris. § 1521-A.

In *DeFreest* v. *Warner,* 98 N. Y. 217, counsel contended that to save a note from the Statute of Limitations an acknowledgment must be made to the holder of the note, or to some one acting for him. The court in referring to this contention said: " It is not necessary in this case to determine whether or not that is a correct statement of the rule, for, although sanctioned by the weight of authority in this State, the cases are not entirely harmonious on the subject (citing numerous cases).

" But even if the general rule be as claimed, this case is not within the rule. Where the acknowledgment is to a stranger, and it appears that it was the intention that the acknowledgment made to him should be communicated to and influence the creditor, it is just as effectual to defeat the statute of limitations as if it had been made directly to the creditor or his authorized agent."

In *Winterton* v. *Winterton,* 7 Hun, 230, the abstract of the case is as follows: "The law does not require

that the acknowledgment of a debt, to render it effectual under the statute, should be exclusively and wholly made by the debtor to the creditor. It will defeat the operation of the statute if made to the creditor's agent, or some person acting for him or in his interest, who may be reasonably expected to communicate it to him, and on which communication he may be expected to repose.''

In *DeFreest* v. *Warner, supra,* a deed had been made by a debtor to his three sons, containing a clause to the effect that the parcel of land therein described was sold subject to certain amounts due by the grantor to parties therein named. The payment thereof was stated to form a part of the consideration, and was to be charged upon the property conveyed and assumed by the grantees. Then followed the names of the creditors and the amounts of the respective debts. The defendant claimed that the acknowledgment contained in the deed was not sufficient to lift the bar of the statute, but the court held otherwise.

In *Gilbert* v. *Morrison,* 53 Hun, 442; affd., without opinion, 119 N. Y. 611, a will was probated in 1885. A debt which had been incurred in 1868 had not been paid but the will in question contained a direction for the payment of the same. In an action by the creditor to enforce this claim the court held that the claim should be paid, although no declaration or admission had ever been made by the decedent to the creditor.

In *Matter of Currier,* 192 Fed. Repr. 695, a bankrupt who had given a list of his creditors in schedules filed in the bankruptcy proceeding, resisted the attempt to collect an outlawed claim which, however, he had listed in his schedules, and it was held that it was not necessary that the instrument in writing acknowledging the existence of the debt should have been directed or delivered to the creditor.

Surrogate's Court, Bronx County, December, 1918. [Vol. 105.

The circumstances surrounding the writing of the written memorandum above set forth appear from the testimony of the daughter. In answer to a question whether she recalled the circumstances under which the document was written and signed, she answered, '' I don't know how to just answer that; I think she (the decedent) felt that she ought to pay it but did not just have the ready money and I think I told her to write it out on paper and I would see that it was paid.''

I think the conclusion is warranted that when the decedent wrote out this paper in the presence and at the direction of the daughter, and either gave it to the latter or put it in the place where she and her daughter kept their private papers, it amounted to an implied promise to pay this debt and was made to a person who the decedent intended should communicate the same to the creditor. The matter is similar to *DeFreest* v. *Warner, supra.*

The case of *Smith* v. *Camp,* 58 Hun, 434, where the decision was adverse to the creditor, I think can be distinguished from the pending matter. There the decedent had made an entry testamentary in form in a memorandum book acknowledging an indebtedness to her sister. The book in question remained in the possession of the decedent in her lifetime and upon her death was found among her papers. This memorandum was never disclosed to the creditor nor to anybody else and thus never could have been communicated to the creditor, and there was no evidence so far as appears from the record which would warrant the conclusion that the decedent intended it to be communicated. So also in *Matter of Kissick,* 170 N. Y. Supp. 636, a written declaration of the deceased in his book showing or tending to show an indebtedness was held not to be an acknowledgment to take the claim out of

the statute since it was not communicated to the creditor or to any one acting in his behalf or with the intent that it should influence the action of the creditor.

In both these cases it will be observed that there was no evidence to show the making of the entry or its communication to any one and hence no promise by the one to whom it was disclosed that such person would do anything with respect to such claim, while in the instant case, there was a distinct promise made by the daughter of decedent that she would see that the claim was paid which of necessity involved a communication with the decedent as in *DeFreest* v. *Warner, supra.* The evidence, which is undisputed, in my opinion shows an implied promise to pay the claim made to a person with the intention that the same should be communicated to and influence the creditor, and hence under *DeFreest* . v. *Warner, supra,* and the . other cases referred to, the bar of the statute is lifted and the claim should be allowed.

Decreed accordingly.