John R. Tenney, J.
On January 8, 1955, plaintiff Cosmo Palazzo recovered a judgment against defendant Eugene Hyde, which judgment was docketed on January 24, 1955. On October 26,1974, the plaintiff died.
This action was commenced by the defendant for an order declaring the judgment invalid because more than 20 years have passed since its entry under CPLR 211 (subd [b]).
CPLR 211 (subd [b]) reads in part: "A money judgment is presumed to be paid and satisfied after the expiration of twenty years from the time the party recovering it was first entitled to enforce it. This presumption is conclusive, except as against a person who within the twenty years acknowledges an indebtedness, or makes a payment”.
There is nothing ambiguous about the statute. Its intent is clear. CPLR 211 (subd [b]) is not a Statute of Limitations, but *766 is a rule of law. The term cannot be extended nor can the presumption be rebutted by any other means other than those set forth. (Brinkman v Cram, 175 App Div 372, affd 225 NY 720.)
The wording is identical to old section 376 of the Code of Civil Procedure and a consolidation of sections 44 and 45 of the Civil Practice Act.
The commentators agree that CPLR 211 (subd [b]) is not a true period of limitations, and thus is not subject to the tolls which suspend the running of a Statute of Limitations (e.g., CPLR 207, 210). (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 211, p 295; 1 Weinstein-Korn-Miller, NY Civ Prac, pars 211.03, 211.04.)
In Matter of Kendrick (107 NY 104), a predecessor rule was interpreted by the court. It referred to former section 376 of the Code of Civil Procedure, a predecessor to CPLR 211 (subd [b]). The same issue determined in Matter of Kendrick is now before the court. In the lower court, the administrator of the judgment creditor argued for an extension of time, under the tolling statutes, and the Surrogate permitted it because of the death of the judgment creditor. The Court of Appeals reversed saying that there was to be no extension of time for the enforcement of a judgment because of the death of the judgment creditor.
Judge Rapollo, speaking for the court, said at page 108: "there is no provision contained in the Code, which, under any circumstances, extends the time within which an acknowledgment or payment must be made, in order to have the effect of rebutting the otherwise conclusive presumption, after the lapse of twenty years, that a judgment has been paid and satisfied.” The same situation exists in the present case.
Therefore, the motion by the defendant to have the judgment declared satisfied and stricken from the record is granted.